Samuel B. Bennett and Janet C. Bennett v. Commissioner.
Bennett v. Commissioner
Docket No. 3154-67.
United States Tax Court
T.C. Memo 1969-29; 1969 Tax Ct. Memo LEXIS 267; 28 T.C.M. (CCH) 137; T.C.M. (RIA) 69029; February 12, 1969, Filed *267 George K. Dunham, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1963 in the amount of $6,540.88 and an addition to tax under section 6653(b) of the Internal Revenue Code of 1954 in the amount of $3,270.44. Pursuant to notice served upon petitioners on October 23, 1968, this case was called from the trial calendar at Washington, D.C. on January 27, 1969. There was no appearance by or on behalf of petitioners. Respondent orally moved that this case be dismissed as to the deficiency for failure of petitioners to properly prosecute and that this Court determine the deficiency as set forth in the notice of deficiency and further moved that the case insofar as it involves additions to tax under section 6653(b) stand submitted on the pleadings. After due consideration respondent's oral motion is granted and this case is dismissed as to the deficiency which will be determined in a decision which will be entered by this court. The issue as to the addition to tax for fraud will be determined from the admitted allegations of the pleadings. Pursuant to *268 motion made by respondent which motion was filed on November 22, 1967, and set for hearing with notice thereof served upon petitioners, this court on April 24, 1968, entered an order that respondent's motion was granted and the allegations in respondent's answer are deemed admitted. The sole issue for decision is whether petitioners are liable for the addition to tax for fraud. The facts which are alleged in the petition and admitted in respondent's answer and the affirmative allegations of respondent's answer are found as the facts in this case. Petitioners are husband and wife who resided in Baltimore, Maryland, at the time the petition in this case was filed. They filed their Federal income tax return for the calendar year 1963 with the district director of internal revenue for Maryland. Petitioners on their Federal income tax return for the calendar year 1963 reported adjusted gross income of $3,365 and an income tax liability of $128 which amount they paid. During the year 1963 one of petitioners was the sole shareholder in and president of the Barton Cab Company, Inc. This petitioner during 1963 withdrew various sums from the Barton Cab Company in a total amount of $23,689.96. *269 Petitioners used the sums withdrawn from Barton Cab Company to pay their personal living expenses. The books and records of the Barton Cab Company which were maintained by petitioners did not reflect the withdrawals. The withdrawals from Barton Cab Company were income to petitioners in the year 1963 and petitioners knew that these withdrawals were income to them. They knew that they had omitted a large part of their taxable income from the income as reported on their income tax return for the calendar year 1963. Petitioners' income tax return for the calendar year 1963 was false and fraudulent with intent to evade tax in that petitioners knowingly and with fraudulent intent failed to report a large portion of their taxable income for the calendar year 1963. The failure of petitioners to include the withdrawals from the Barton Cab Company during the year 1963 in the taxable income reported on their return results in there being a deficiency in petitioners' income tax for the year 1963 in the amount of $6,540.88. A part of this deficiency is due to fraud. Decision will be entered for respondent. 138